White J.
 

 delivered the opinion of the Court. It has been insisted for Nash that he ought not to be compelled to convey, because Cocke has not performed that part of the agreement which was for Nash’s benefit; and because it has not been proved that Parsons ever executed the bond to Marshall. In the view which the 'Court takes of this case it is not considered material to inquire whether by the terms of the agreement between Cocke and Nash, the former was bound to sue Parsons upon the bond given to Marshall or not. Parsons, by his contract, was bound to convey one third of this land to Nash, — the remaining two thirds he was bound to convey to Marshall, or those who had the interest in the bond given to Marshall. As Parsons had not executed those conveyances, Nash and Cocke were acting very correctly when they adopted any mode known to the law, by which to divest Parsons of his title to this tract of land, and have the same vested in themselves. But the moment they acquired a title to the whole of this tract they received everything to which'in equity they are entitled, except the costs they were subjected to in acquiring the title. And if Cocke had sued upon Marshall’s bond, a court of equity would restrain him from recovering anything in such suit, except a sum equal to the costs which had been expended in acquiring a title to the land. It would be most oppressive to permit the parties, through the medium of an attachment, to acquire a title to the very property for which they contracted, and recover from Parsons the full value of the property likewise. Nash himself now has a part of the judgment which he recovered unsatisfied. Why then should another suit be commenced against Parsons ?
 

 It could answer no other purpose but that of injustice and oppression. There is no objection to Nash’s taking out execution on his judgment, and compelling the collection of as much money as is equal to the fifteen or twenty dollars costs which he has paid, — then he ought to stop. If he were to attempt to collect more, Parsons, by applying to a court of equity, could enjoin him from proceeding.
 

 Cocke then seems to have complied with the only part of the agreement with which he ought to have complied; and his omitting to act oppressively and unjustly towards Parsons ought not to furnish a plea that would enable Nash to hold the whole one thousand acres both against Parsons and the complainant.
 

 But it is insisted that Nash ought not to be compelled to convey, as there is no proof that Parsons ever executed the bond to Marshall.
 

 It seems true, as a general rule, that the answer or admission of one defendant ought not to prejudice another. The bond is destroyed, — who the subscribing witness was does not appear. Parsons, who is said to have executed it, by failing to answer admits the execution. Marshall, another
 
 *182
 
 defendant, swears it was executed. Nash himself contracted with Cocke upon the presumption that it was genuine ; and his principal objection to convey is, that Cocke did not sue and recover upon it, which must presuppose that it wás genuine. The contract between Nash and Cocke is the direct ground of the suit against Nash ; and the bond given by Parsons to Marshall as between the complainant and Nash only comes into view collaterally ; therefore, it is not conceived that strict proof of its execution is essential. Nash cannot be prejudiced ; he is bound to convey two thirds of the land to either Parsons or the complainant, and as Parsons admits the right to be in the complainant, he will be barred from calling upon Nash to convey to him. Nash is not, therefore, prejudiced by compelling him to convey to the complainant.